IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Martin Whitetail, Jr., | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE; GRANTING MOTION TO** |
| vs. | ) | **DISMISS** |
| | ) | |
| Spirit Lake Tribal Court, | ) | Civil File No. 2:07-cv-42 |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is a petition by Martin Whitetail, Jr., for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 1303 (Doc. #1). Respondent Spirit Lake Tribal Court filed a Motion to Dismiss (Doc. #7).

## *FACTS*

Whitetail was brought before Spirit Lake Tribal Court on charges of assault and battery, aiding and abetting, forcible entry, and theft. When he appeared before the Tribal Court for his February 2, 2007 arraignment, Whitetail was informed: "As a defendant, you are presumed innocent and you are entitled to the following rights . . . The right to be represented by an attorney of your choosing at your own expense in all subsequent proceedings." Whitetail acknowledged this right by signing a "Statement of Rights" and was ultimately sentenced to serve 180 days on the charges.[1] He did not appeal that conviction. Whitetail served approximately two months on the charges before being removed to federal custody for federal prosecution. Whitetail pled guilty to the federal charges and is serving that sentence at FCI

---

[1] The Court notes that it appears the Orders of Disposition and Final Commitment filed with respect to Whitetail are somewhat perplexing; however, the imperfections in the documents do not appear to be at issue in this case and therefore, the Court assumes that the Order sentencing Whitetail to a one-year sentence, six months suspended, is valid.

Oxford. Whitetail has approximately four months left to serve on the tribal sentence.

## *DISCUSSION*

Writs of habeas corpus are available in federal court to test the legality of detention ordered by an Indian tribe. 25 U.S.C. § 1303. However, the tribal exhaustion doctrine "favors exhaustion of available remedies in tribal court before a collateral or parallel federal court action may proceed." Gaming World Intern., Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 849 (8th Cir. 2003). This requirement is a matter of comity but has some flexibility, Necklace v. Tribal Court of the Three Affiliated Tribes of the Fort Berthold Reservation, 554 F.2d 845, 846 (8th Cir. 1977), and is "prudential, rather than jurisdictional." Gaming World, 317 F.3d at 849.

The parties agree that habeas review by the Spirit Lake Tribal Court is not presently available because of a Tribal Code requirement that such review be conducted while a person is actually imprisoned within the jurisdiction of the Tribe. The Tribal Court argues that the current unavailability of habeas corpus review does not negate the exhaustion process for two reasons: 1) After completion of his federal sentence, Whitetail will ultimately be returned to the jurisdiction of the Spirit Lake Tribal Court to serve the remainder of his tribal sentence, at which time he will be free to pursue the Great Writ in Tribal Court; and 2) Whitetail has other remedies within Tribal Court currently available to him, such as filing a motion to set aside the conviction, and an order disposing of such a motion would be appealable.

In Necklace, the Eighth Circuit Court of Appeals stated that in determining whether to require exhaustion of tribal remedies, a court should "weigh[] the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to

immediately adjudicate alleged deprivations of individual rights." 554 F.2d at 846 (quoting O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973)).  Strengthening the authority of the tribal courts is favored in this case by requiring exhaustion:  Due to Whitetail's failure to appeal his underlying conviction to the Northern Plains Intertribal Court of Appeals, no tribal court has had the opportunity to examine the original judgment.  Furthermore, under these circumstances, there is no immediate need for this Court to examine the legality of the Tribal Court's sentence:  Whitetail has remedies available to him immediately through a motion to set aside the tribal court conviction, and he has remedies that will become available to him upon his release from federal custody.  Additionally, Whitetail is currently serving a federal sentence that has been unchallenged and will not be affected in any manner by this habeas action.  The Necklace balancing test, therefore, clearly favors exhaustion.

## *DECISION*

Whitetail has other remedies available to him and has no immediate need for this Court to examine the underlying Tribal Court conviction and sentence.  Therefore, he has failed to satisfy the exhaustion requirement and this Court declines review.

The action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court